UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA KIMURA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:09-cv-01970-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| DECISION ONE MORTGAGE ) | |
| COMPANY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before this Court is a Motion to Dismiss (ECF No. 40) filed by Defendant Wells Fargo, N.A., erroneously named and sued as America's Servicing Company, and their Motion to Strike (ECF No. 44), as well as Defendants Wells Fargo, N.A. and Decision One Mortgage's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 46). For the reasons that follow, Defendants' Motion for Summary Judgment will be granted and the other Motions will be denied as moot.

## I.   FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff is the owner of real property located at 4789 Heath Court in Las Vegas, Nevada. (Second Am. Compl. ¶ 1, ECF No. 36). In March of 2006, Plaintiff obtained an adjustable rate mortgage from Defendant Decision One. (*See* Ex. D 13:24-16:10; 21:24-23:9, ECF No. 46.) However, by April of 2009, Plaintiff stopped making payments on the mortgage and a Notice of Default and Election to Sell was recorded against the property. (*See* Ex. B, ECF No. 46.) A Notice of Trustee's Sale was then recorded on July 16, 2009, (Ex. G, ECF No. ECF No. 46), and Plaintiff subsequently filed this lawsuit in

---

[1] As is appropriate at this stage in the proceedings, the facts portrayed here are presented in the light most favorable to Plaintiff and all justifiable inferences are drawn in Plaintiff's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

state court on August 5, 2009. Defendant Decision One removed the action to this Court on October 12, 2009. Although several defendants other than Wells Fargo--erroneously referred to as America's Servicing Company--and Decision One are named in the Second Amended Complaint, it appears that none of the other defendants were served or have appeared in this action.

On July 22, 2010, Defendants filed the instant Motion for Summary Judgment (ECF No. 46), to which Plaintiff responded and filed a counter motion to extend the discovery period (ECF Nos. 54 & 56). On January 25, 2010, Magistrate Judge George Foley denied the counter motion to extend the discovery period (ECF No. 63), finding that Plaintiff had not established good cause for her request. Now that Magistrate Judge Foley has resolved that question, Defendants' Motion for Summary Judgment is ripe for ruling.

## II.     SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle*

---

[2] Federal Rule of Civil Procedure 56 was recently amended, effective December 1, 2010. *See* Fed. R. Civ. P. 56 Advisory Committee Notes, 2010 Amendments. The standard for granting summary judgment remains the same. *Id*. Amendments to the Federal Rules of Civil Procedure govern proceedings that are pending at the time the amendments become effective, as long as the Supreme Court does not specify otherwise and the application would not be infeasible or work an injustice. Fed. R. Civ. P. 86(a)(2). Because the Supreme Court has not specified otherwise and the new amendments would not work an injustice, this Court will apply the language of Rule 56 as amended.

*Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

*Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   ANALYSIS OF THE MOTION FOR SUMMARY JUDGMENT

#### A.   TILA Violations

Plaintiff's first cause of action is for violations of the disclosure requirements set forth in the Truth in Lending Act ("TILA"). (Second Am. Compl. 5, ECF No. 36.) TILA requires, among other things, disclosure of finance charges and the annual percentage rate. *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. However, pursuant to 15 U.S.C. § 1640(e), the statute of limitations for a TILA damages claim is only one year. *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986). The limitations period generally runs from the date of the consummation of the transaction. *Id.* at 915. It is undisputed that the loan at issue in this case was consummated in March of 2006, (*see* Ex. D 15:3-15:10, ECF No. 46), but that Plaintiff did not file this action until August 5, 2009. Thus, Plaintiff's TILA damages claim is barred by the applicable statute of limitations.

In certain circumstances, where "despite all due diligence, a plaintiff is unable to

obtain vital information bearing on the existence of his claim," *Santa Maria v. Pac. Bell*, 202 F.2d 1170, 1178 (9th Cir. 2000), equitable tolling may apply.  However, in Plaintiff's Response, Plaintiff cites to no evidence suggesting that she lacked vital information bearing on her claim at the time the loan was consummated.  Instead, she relies merely on unfounded allegations, which is inappropriate at the summary judgment stage, *see Celotex Corp.*, 477 U.S. at 324.   Accordingly, equitable tolling does not apply and summary judgment must be entered as to Plaintiff's TILA damages claims.

        Plaintiff also contends that her right to rescind under TILA remains intact because she was not given the rescission notice required by TILA; however, she does not provide any evidence--other than unsupported allegations--that she was not given the rescission notice.  Not even deposition testimony is offered in support of Plaintiff's claim.  Indeed, even when the Defendants asked Plaintiff in the interrogatories served upon her to "[i]dentify the basis of your claim that Decision One violated the provisions of TILA, including but not limited to any misrepresentations regarding the interest rates applicable to Plaintiff's loan,"  Plaintiff replied: "In response to Defendant's Interrogatory Question No. 6, the Plaintiff contends that she does not have sufficient knowledge, information and belief to form an opinion and/or provide information with Respect to Interrogatory No. 6." (Ex. I, ECF No. 46.)  Because discovery closed on June 28, 2010, Plaintiff has failed in her motion to reopen discovery (ECF No. 63), Plaintiff has never updated her Response to Interrogatory No. 6 and, in fact, has provided absolutely no evidence that she was not given the proper notices, summary judgment must be entered.

        **B.**     **Fraudulent Misrepresentation and Concealment**

              **against Defendant Decision One**

        Plaintiff's second cause of action is for fraudulent misrepresentation and concealment perpetuated by Defendant Decision One. (Second Am. Compl. 7, ECF No.

26.) However, in Plaintiff's Response to the Motion for Summary Judgment, she seems to allege that--contrary to her Second Amended Complaint--this cause of action is applicable to Defendant Wells Fargo, as well. (*See* Resp. 8, ECF No. 54.)

In order to succeed on a claim of fraudulent misrepresentation in Nevada, a plaintiff must show: (1) that the defendant made a false misrepresentation of material fact; (2) the defendant knew or believed the representation was false; (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiffs were damaged by such reliance. *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 957-58 (Nev. 1998). "With respect to the false representation element, the suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007) (internal quotation marks omitted).

        1.    *Claim against Decision One*

Defendants demonstrate Plaintiff's inability to prove these elements with respect to Decision One by citing to Plaintiff's response to an interrogatory. The interrogatory asked Plaintiff to "[i]dentify the basis of your claim for fraud against Decision One including but not limited to any fraudulent statements made by Decision One." (Ex. I, ECF No. 46.) In reply, Plaintiff wrote: "[i]n response to Defendant's Interrogatory Question No. 10, the Plaintiff contends that she does not have sufficient knowledge, information and belief to form an opinion and/or provide information with respect to Interrogatory No. 10. This Interrogatory will be updated as new information is obtained. This discovery is ongoing." (*Id.*)

There is still nothing in the record to suggest that Plaintiff has since discovered

any evidence to support her claim.  In Plaintiff's Response, Plaintiff cites to absolutely no evidence suggesting that she can prove the elements of this cause of action. Instead, Plaintiff merely relies on unfounded allegations, which is inappropriate at this stage in the proceedings.  Because "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate reference so that it could be conveniently found," *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001) and because Plaintiff has failed to cite to any evidence in support of her theory, summary judgment must be entered. *Albrechtsen v. Board of Regents of University of Wisconsin System*, 309 F.3d 433, 436 (7th Cir. 2002) (internal quotation marks omitted) ("Judges are not like pigs, hunting for truffles buried in the record.")

          2.    *Claim against Wells Fargo*

Plaintiff's claim against Wells Fargo will also fail.  Plaintiff's Second Amended Complaint does not indicate that the claim for fraudulent misrepresentation and concealment is applicable to Defendant Wells Fargo or America's Servicing Company. In fact, that cause of action appears to apply only to Defendant Decision One and only in the context of the formation of Plaintiff's home loan. (*See* Second Am. Compl. ¶¶ 30-50, ECF No. 36.)  Yet, in her Response to the Motion for Summary Judgment, Plaintiff alleges that Wells Fargo committed fraud while servicing her loan, (Resp. 8:14-10:18, ECF No. 54), something that it is not contemplated in the Second Amended Complaint. There are no allegations made in the paragraphs comprising Plaintiff's Second Claim for Relief, nor in the preceding paragraphs incorporated by reference, that allege Defendant Wells Fargo or its predecessor fraudulently concealed or misrepresented anything related to the servicing of the loan.  Thus, Plaintiff's allegations in her Response are insufficient to overcome a motion for summary judgment, as a party cannot oppose summary

judgment on grounds not in issue under the pleadings. *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006); *Trishan Air, Inc. v. Federal Insurance Co.*, No. 09-55317, 2011 WL 540532, *9 (9th Cir. Feb. 16, 2011). "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Products, Inc.*, 435 F.3d at 992. Accordingly, summary judgment will be granted as to Plaintiff's claims for fraudulent concealment and misrepresentation against both Defendant Decision One and Defendant Wells Fargo.

### C. Claim for Unjust Enrichment against Defendant Decision One

The Second Amended Complaint explicitly indicates that Plaintiff's Third Claim for Relief is against Defendant Decision One. The title of the relevant section of the Second Amended Complaint is "Defendant DECISION ONE, as the lender, committed a Breach of Statutory Duty due to Unjust Enrichment Against Plaintiff," (Second Am. Compl. 12:6-7, ECF No. 36), and no mention is made of any defendant other than Decision One in the relevant paragraphs of the Complaint. Thus, Plaintiff's arguments in her Response that this cause of action also pertains to Defendant Wells Fargo, (Resp. 10:20-11:14, ECF No. 54) are inaccurate and will be disregarded.

Plaintiff's Third Claim for Relief appears to be seeking damages under a theory of unjust enrichment and to be alleging that Defendant Decision One is guilty of a criminal misdemeanor under Nev. Rev. Stat. 205.375. Because this is not a criminal proceeding, the Court will not address Plaintiff's claim that Defendant Decision One is guilty of a criminal misdemeanor. The Court will, however, address Plaintiff's claim for unjust enrichment.

"The phrase 'unjust enrichment' is used to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account thereof."

*LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). The essential elements of unjust enrichment are: "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Id.* Plaintiff claims that Defendant Decision One was unjustly enriched because it is "going to benefit in the amount of $826,344.11 in interest payments throughout the life of the loan" while "Plaintiff will only reduce the principal balance by $52,557.38 over the next 30 years." (Second Am. Compl. ¶ 54, ECF No. 36.)

However, the "doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for." *LeasePartners Corp.*, 942 P.2d at 187. Indeed, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.* Here, it is undisputed that a written promissory note, (*see* Ex. D 13:24-16:10, ECF No. 46) and Deed of Trust, (*see* Ex. C, ECF No. 46), and their attached riders governed the financial arrangement between Plaintiff and Defendant Decision One. (*See* Ex. C, ECF No. 46.) Plaintiff even authenticated her signatures on these documents during her deposition. (Ex. D 13:24-16:10; 21:24-23:9, ECF No. 46.) Thus, Plaintiff's claim for unjust enrichment necessarily fails.

**D.     Claim for Quiet Title**

Plaintiff also seeks an order declaring that she has rightful title to the subject property. An action for quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon her title to the

property. *Anderson v. Deutsche Bank National Trust Co.*, No. 2:10-cv-01443-JCM-PAL, 2010 WL 4386958, *5 (D. Nev. Oct. 29, 2010). In Nevada, a widely accepted rule in such actions is that the party must tender the undisputed amount due and owing in order to challenge the validity of the foreclosure sale. *Id.* In essence, she who seeks equity must do equity. *Id.* This means that Plaintiff cannot prevail on a claim for quiet title if she has defaulted on her loan. *See id.*

In her own Second Amended Complaint, Plaintiff admits that she defaulted on her loan, explaining: "[a]fter the closing of the escrow, Plaintiff made the mortgage payment on or about March 2006, and continued to do so, until the Plaintiff's default due to the combination of her lack of income and the confusing terms of her loans," (Second Am. Compl. ¶ 11, ECF No. 36). Further, at her May 26, 2010 deposition, when asked "[d]id you ever stop making payments?" Plaintiff replied "Yes," though she did not recall when she stopped. (Ex. D 17:17-21, ECF No. 46.) Plaintiff also stated at that deposition that she is not currently making payments on the house. (Ex. D 29:17-18, ECF No. 46.)

Because Plaintiff admits that she defaulted on the loan and there is no evidence in the record suggesting that she has tendered all of the money owed, summary judgment must be granted as to this cause of action. Furthermore, the "show me the note" argument upon which Plaintiff's request for quiet title is premised has been resoundingly rejected in Nevada. *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, *4-*5 (D. Nev. Jan. 22, 2009). A party does not necessarily need to have possession of the "original note signed in ink," (Second Am. Compl. 15 ¶ 69, ECF No. 36), in order to undertake a non-judicial foreclosure in Nevada.

## CONCLUSION

Because all of Plaintiff's substantive claims fail, she is also not entitled to the injunctive relief requested in the Second Amended Complaint. Further, because no

1 | properly-served defendants remain in this case, the lis pendens will be expunged.

2 | **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment

3 | (ECF No. 46) is **GRANTED**.  The lis pendens is hereby expunged.

4 | **IT IS FURTHER ORDERED** that all remaining motions are **DENIED**, as moot.

5 | DATED this 15th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge